Mr. Bruner, whenever you're ready. Thank you, Your Honor. Bob Bruner on behalf of the petitioner, Bonnie Goodrich, may it please the Court. First of all, I'd like to thank Your Honor, the panel, for your time and attention reviewing the pleadings we've submitted to date and in your time this afternoon. It's been, frankly, a long road to get here, over eight years, and myself and Ms. Goodrich are very appreciative of the opportunity to be here and to have our day in court, so thank you. Ms. Goodrich's appeal involves straightforward, simple, undisputed set of facts, but a set of facts that, nevertheless, are unique, that, as best as I can tell, are unprecedented. Well, Mr. Bruner, just time is short, so I appreciate that, and I appreciate your recognition that we've been through the record ourselves. So it's not without sympathy for your client, however, the language of the statute is quite clear, is it not, that one of two circumstances have to be met. Either you do the PSOB certification or whatever, designation on file, or you have a life insurance policy that has to be on file. So just looking at the statute, without even getting into the regulation, how does the clear statutory language allow your client, under the circumstances here, to get reimbursed? Yes, your Honor, and admittedly, if you took the designation provisions of the statute, you cut them out, you set them on a piece of black paper, and just looked at that language in a vacuum by itself. I would concede that you could tease out of that language an interpretation similar to what the Bureau has given, in that the designation has to reference the PSOB Act, or has to be a designation for... Well, I'm not working hard teasing language out. I'm just talking about the language that's there that I think is pretty clear. So I guess I want to know what your argument is. Are you arguing that your view of this is allowed under the statute, or you're interpreting the statute in a way that would allow this? And I want to hear what your argument is, if that's it, how you do that. Yes, your Honor. I think the designation provisions are ambiguous, in the sense that they... We start with the Section 4A, talking about the designation of a public safety officer to receive benefits under the subsection, and the most recently executed designation of beneficiary. The statute doesn't purport to define the universe of acceptable designations. It doesn't purport to define how a designation must designate a beneficiary for the Act. And so I think there's ambiguity there. Counsel, what do you do about the language under this subsection? I know you've submitted information from the local police department, saying that they viewed the state designation as sufficient to satisfy a designation under the PSOB. But doesn't under this subsection have to mean something? Yeah, I agree. It has to mean something, but I think if you look at the overall structure of the statute, the intent of these designation provisions, and the facts of this case, I don't think it's that big of a leap to conclude that under the facts of this case, the designation that was on file was a designation intended to identify Ms. Goodrich as the beneficiary under the PSOB Act. That was their intent, based on the undisputed evidence in the record. And I don't read into that subsection quote. Does the designation reference in any way, shape, or form the PSOB Act? I'm just not sure what you're saying. I'm sorry, Your Honor, could you repeat that, please? Does the designation that she did file, is that, how is, did it reference PSOBA? I thought it was under the local or the Illinois state or whatever, a different document for a different amount of money. No, that's correct, Your Honor. Okay. Yeah. So there were, the Wellington-Groove Fire Protection District, they only had one designation form. That's all that was ever provided to Mr. Jeffers, to any of the volunteer firefighters that served that department. But that wasn't for the PS, under the PSOB Act, and for the funds available under that Act, right? That was something different. It expressly references, yes, just the Illinois statute. It did not reference the PSOB Act, and it admittedly was not a designation for a private life insurance policy. But it was, you know, based on all the statements of Chief Budsaw, the other evidence in the record, it was intended to be a designation for this Act. Well, do you have another argument or a related argument about subsection B, about the life insurance policy? Yeah, yeah, yes, Your Honors. Okay. Yeah, so under subsection B, you know, again, admittedly, the designation was not for a private life insurance policy, and I think the Bureau seizes on that and makes the distinction between a life insurance policy that's a private contract and one, and the Illinois statutory debt benefit, which was, you know, a statutory benefit versus a private contract. But in their own regulations, they have a definition for a life insurance policy on file, and it includes a policy or a substantial equivalent of a policy or declaration policy, declaration page, certificate of insurance, any instrument that constitutes a life insurance policy. The substantial equivalent of any of those are considered a life insurance policy on file under the Bureau's own regulations. And it makes sense. It makes sense to me. Let me just see if I understand your argument. You're saying that under the regulation, substantial equivalent of the foregoing, you're saying the foregoing is little i, which is the policy, so that this designation that you had was a substantial equivalent of a life insurance policy? Yes, Your Honor. Yeah, and I think it's consistent with, if you look at, again, the structure in the ten of these designation provisions, you know, they're not intended to be a gotcha provision to, you know, deny a claim when there's no dispute that a public safety officer, you know, died in the line of duty and earned a death benefit. They're intended to identify who is the beneficiary, who is the public safety officer's intended beneficiary. And a designation for a State of Illinois Statutory Death Benefit Act that was actually modeled after the PSOB Act looks a lot like it. It's hard to conceive why that designation would not be, at the very least, as probative of the public safety officer's intent as a designation for a private life insurance policy that has nothing to do with the public safety officer's intent. Well, they're not talking about a private life insurance policy. They're talking about a life insurance policy that's actually provided by the law enforcement agency, correct? Well, I think in the Bureau's brief, they made the distinction between, you know, a private contract for insurance versus a statutory benefit. But that goes to another point, Your Honor, is that, you know, in this situation, the Wellington Fire Department, it's a rural fire department, probably serves less than a thousand people. All the firefighters were on a volunteer basis. And so the fire department did not offer life insurance benefits to its officers. I'm sorry, I didn't hear you. You said they did or they didn't? They did not. They did not. Okay. Yeah. Yes. So the Wellington Fire Protection Institute, they didn't have life insurance policies as a benefit. They didn't have designations for life insurance policies on file. They didn't have any other form other than what Mr. Jeffers executed. That's all that was presented to him, all that he had the opportunity to sign. And based on all the unrefuted evidence, the Wellington Fire Department District, the fire chief, Chief Budsaw, Mr. Jeffers, all believed that that designation would be sufficient for this act. I think in part because the fire department did not have life insurance policies. So this was all that they had. The federal government council has provided a benefit, a substantial benefit, and it lays down certain rules. It doesn't just hand out money of this quantity to everybody. It, for reasons that no doubt it deliberated, it determines what is required to be entitled to this benefit. And we're not in a position to question whether they made these requirements too stringent, whether they could have had different lesser requirements. It's our job to interpret the plain meaning of the statute. And the deceased firefighter had the opportunity to satisfy the statute. And it's just most unfortunate that he didn't. You can respond to Judge Lori. Yeah, I appreciate that, Judge Lori. And the way I look at it is the government, they did provide a statute for a benefit or gratuity as the Bureau provides. And the fundamental elements to trigger that benefit are a public safety officer that dies in the line of duty. And both of those elements were met here. The designation provisions weren't intended to be, you know, underlying substantive requirements for treating a benefit. They're intended solely to identify the claimant. And here in this case, Mrs. Goodrich was the only person identified in the only designation that the Wellington Fire Department ever had on file. There was no other designation. There's never been any other claimant. So denying her claim, notwithstanding their efforts to comply with the statute as best they could, and at the very least, substantially complying with that statute, has the result of denying the benefit to anyone, despite the fact that- Well, but there's nothing clear. I mean, the problem with that argument, I appreciate it. But the problem with that argument is that these aren't benefits that we want to give someone or we have to give someone, and we'll just pick the person that was most likely to have been the intended beneficiary. I do think there's nothing to suggest that the intent is if you don't meet these- if nobody meets these requirements, then nobody meets these requirements, right? Yes. No, I agree, Your Honor. And I think if there had been no designation on file, we have no case. And I think what makes this one difficult is that there was a designation that was on file. It was maintained in the personal records of the Well Integrated Fire Department. It was maintained for the purpose of the statute. So you can certainly take a strict reading of the statute and say it doesn't meet that. I can see that. But I think it's also there's ambiguity in that statute. And if you look at the facts and circumstances of this case, I always get back to would Congress have intended this result? If they had contemplated a situation where a fire department, a real fire department that didn't provide life insurance benefits had only a single designation form that it provided to officers and it referenced a state statutory benefit, that really is no different from a life insurance policy in terms of providing a benefit upon death. If they had contemplated that, would they have written the statute in a way to deny Ms. Goodrich's claim? I just don't believe that's the case. And that's fundamentally the underlying principle of my argument. All right. Why don't we reserve the remainder of the rebuttal and hear from the government? Thank you. Thank you, Your Honor. And may it please the Court. The Public Safety Officer's Benefit Office currently determined that Ms. Goodrich did not show entitlement to the legal gratuity that's provided under the PSOB Act. The clear language of the Act, as Your Honors have discussed, it demonstrates that Ms. Goodrich did not- Ms. Murdoch-Carter? This is Judge Prowse. Let me just get to it. I mean, if we were just dealing with the statutory language, frankly, I think it's quite clear. What gives me pause is the regulation and specifically that portion of the regulation which says that it lists the life insurance policy itself under little i and then under five it says the substantial equivalent of any of the foregoing. So how are we- I don't know. I mean, the government's going to decide- what's the substantial equivalent of a life insurance policy? Well, I don't know how- is that just absolutely obvious on the face of it? Is that your view that there's no ambiguity and that a substantial equivalent of a life insurance policy can only be what? Another life insurance policy? That can't be right. No, Your Honor. And to go to the regulation at the portion of 28 CFR 32.13, it states under life insurance policy on file. And it lists five instances of what could be considered a life insurance policy. And the first four, the policy itself, the declarations page, a certificate or any instrument showing an execution of a policy, there must be a substantial equivalent to one of those four items. Right. The designation that is on file here simply references the Illinois state benefit. It doesn't refer to a policy or a declaration page. But doesn't the Illinois state benefit operate like a life insurance policy? No, Your Honor, it does not. And the record- Why? Appendix... Well, it is similar to a gratuity such as the PSOB Act, as Mr. Berner stated, it was modeled after the Act. And unlike a life insurance policy, which has a certain person who the policy must be paid out to, if you look at appendix page 211, which is the Illinois Line of Duty Compensation Act, it explains that if there's no designated beneficiary, then there will be nothing payable under the Act. Right, but there was a designated beneficiary, correct? For purposes of the Illinois Act, yes. But unlike a life insurance policy, there's- and I apologize if I'm not making the distinction clear, but the Illinois Act itself does not refer whatsoever to insurance. There's no contractual obligation to pay under the policy, which at appendix page 211- Well, that's one of my problems with your argument, is that you say substantial equivalent of a life insurance policy. You essentially describe a life insurance policy. So you're saying it has to actually be a life insurance policy in order to be the substantial equivalent of. And that doesn't make a lot of sense to me. Well, Your Honor, to take a step back, there's- in subsection A-4, there's first the designation of benefits. So if Mr. Jeffers had listed in his designation of benefits all benefits under the Act, then you wouldn't get to the insurance policy portion, which is under A-4b. Now under A-4b, if there is any type of life insurance policy, so for instance, you know, if there's a policy such as that, and there's a printout from a page showing that there is a life insurance policy that is paid in that manner, that there is a contractual obligation of a life insurance policy, that would be sufficient for a life insurance policy on file. Well, the POSB Act isn't a life insurance policy. I mean, when this life insurance part was added, wasn't it out of a recognition that some states had the state equivalent of PSOB, but some did not? And in those instances where there were not, many local law enforcement provided life insurance policies to substitute for that? Your Honor, I'm not entirely certain that was the intent. I believe the intent of adding the life insurance policy was another manner of showing who an individual designated as a beneficiary. Right. That's the whole point, right, is who did they intend the beneficiary to be? I mean, I know that there was concern that there was, you know, money flowing out too quickly because people would just say, oh, you should give it to me, or there were fights between spouses and ex-spouses. But this isn't the kind of circumstances. There's a very clear designation of someone, and that's exactly what the Act was trying to get to, right? Well, there's a very clear designation of someone for purposes of the Illinois Benefit. There's no designation whatsoever for purposes of the PSOB Act under the clear language of the statute. Can I just follow up with Judge O'Malley, where I think she started, which is if you just look at literally the language of the regulation, it allows for the policy itself or a substantial equivalent of the policy itself. So can you give me and give us an example of what a substantial equivalent of the policy itself is? Certainly, Your Honor. For instance, many policies now are purchased online. And so if you purchase the life insurance policy online, say, through AAA, and there is some sort of summary page that says, congratulations, you purchased $100,000 of life insurance benefits, and that was printed out and placed on file, that could be considered a substantial equivalent. But it has to identify that there is a life insurance policy, that the company itself, and that there is a policy number. Now, don't you want to point out that the language is not the substantial equivalent of the policy itself, but the substantial equivalent of any of the foregoing, which include a declaration page, certificate of insurance, or any instrument that constitutes the execution of a file insurance policy. So little 5, Roman numeral 5, is a broader provision, but none of that has been argued. Isn't that correct? Yes, Your Honor. Ms. Goodrich does not argue that the designation of beneficiary for the Illinois benefits is a life insurance policy or that it represents a policy, but that it should be considered a substantial equivalent. And as Your Honor correctly points out, it is certainly not a substantial equivalent of the policy, the declarations page, certificate of insurance, or any instrument showing execution of a life insurance policy. And that is the inherent problem here. And as unfortunate as it is, and as much sympathy as we certainly have for what appears to be Unfortunately, the court cannot attempt to glean his intent based on... Let me ask you, counsel, the local fire chief did not provide Jeffers with the correct PSOB form. Is that of any consequence to us here? It is unfortunate, Your Honor, but no, it is not of a consequence because there's ample other methods in which Mr., pardon me, Jeffers could have received that information. PSOB has, the office has outreach, companies that do outreach on its behalf, public interest groups, there's sample forms available online. And the fact that the chief, you know, apparently after the fact, they did not know this was insufficient for PSOB benefits. Again, as unfortunate as it is, it still doesn't cure the fact that under the clear language of the statute, Mr. Jeffers did not follow the requirements to designate Ms. Goodrich as his beneficiary. But there was a designation of beneficiary form filed, correct? Even if it wasn't the PSOB form, if it had contained the correct language, that would have sufficed, isn't that correct? If the form at appendix page 48 had stated for all benefits and was not filed on a form that stated the state of Illinois, then yes, Ms. Goodrich would have been entitled to recover under the act, but unfortunately... Where was that, in fact, filed? The form was filed with Mr. Jeffers', with the public safety office. And that's what the act requires, right? That that's where a designation be filed with the public safety agency. Yes, Your Honor. And for purposes of A4A, it must reference specifically the act or all benefits. And for purposes of A4B, it must be the life insurance policy itself or a substantial equivalent on file. And unfortunately, there's the argument by Ms. Goodrich conflates the two. And based on the clear language of the act, there's simply no way to separate or to conflate them, they must be separated. And if there are no further questions, for these reasons, the clear language of the statute makes clear that Ms. Goodrich does not meet the requirements under either section A4A or A4B, and the court should affirm. Thank you. Mr. Bruner, I think you have a couple minutes left for rebuttal. Thank you, Your Honor. I'll be brief. I just wanted to raise one other point that I didn't make in my opening argument, and that's the legislative history behind the amendment to the statute that added the on-file element of the designation provisions. On a prior version of the designation provisions, it just referred to a life insurance policy, whether or not it was on file. With the department. And the on-file requirement was added solely to help claimants, to expedite the payment of claims. So there wasn't any delay in figuring out what is the universe of potential policies out there. And Mr. Jeffress, he did have a life insurance policy, a private one, not one that was offered through the Wellington Fire Department, but one that he acquired on his own. And Mrs. Goodrich was named as the beneficiary under that policy. So under the prior version of the act, there would have been no question that Mrs. Goodrich would have been a beneficiary entitled to the benefit under the act. Yeah, but just taking what you're saying literally is the reason why we can't rule for her, not a reason why we should. You're using the fact that the language used to be there that would have helped her, but Congress changed it. So I don't see how that's helpful to your position. The only point I was trying to make is that the amendments were intended to help, not hurt, and the interpretation that the Bureau is giving hurts Mrs. Goodrich. I'll just conclude with, if the Wellington Fire Department, if they had retained me as on formulating designation forms 10 years ago, you know, I would have advised them to include a language, you know, referencing the PSOB Act, but they didn't. You know, like I said, they're a volunteer fire department. They didn't have legal counsel. The evidence shows they did the best they could. At the very least, they substantially complied with the statute. And the unambiguous intent is that Mrs. Goodrich was intended to be the beneficiary for this claim. And I'll just, again, I know my time is up, so I'll conclude. I can't believe that if Congress was presented with this fact scenario, if they were impaneled as a jury to hear these facts, that they would deny Mrs. Goodrich's claim. And if that's the case, I don't know how the Bureau can say that its determination is reasonable under the unique facts and circumstances of this case. Thank you, Your Honor. Thank you for all that you've paneled. Thank you. We thank both sides and the cases submitted. That concludes our proceeding for this morning. The Honorable Court is adjourned until tomorrow morning at 10 a.m.